IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IAN WILLIAMS,

    Plaintiff,

  v.

AMERICAN AIRLINES,

    Defendant.
_____/

No. C 07-540 CW

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS

[Docket No. 25]

Defendant American Airlines moves pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2) to dismiss this case as a sanction for failure to prosecute and failure to comply with the Court's orders. Plaintiff Ian Williams opposes the motion. The motion was decided on the papers. Having considered all of the parties' papers, the Court grants in part Defendant's motion for sanctions.

## BACKGROUND

Plaintiff filed his complaint in this action on December 8, 2006 in San Mateo Superior Court. Defendant filed a notice of removal and the case was filed in this court on January 25, 2007.

An initial Rule 16 case management conference was set for May 4, 2007. See Federal Rule of Civil Procedure 16. On April 23, 2007, Defendant filed a motion to enlarge time to continue the case management conference by forty-five days and thereby to postpone the parties' meet and confer requirements. Defendant filed a declaration demonstrating that it had attempted to meet and confer with Plaintiff's counsel of record and after repeated requests, counsel indicated that Plaintiff had obtained new representation. However, no notice of substitution of counsel had been filed at that time. On April 30, Plaintiff's counsel filed a motion to withdraw. On May 1, the Court granted Defendant's motion to enlarge time and rescheduled the case management conference to coincide with the hearing on Plaintiff's counsel's motion to withdraw. On May 17, Plaintiff's current counsel filed a notice of substitution of counsel. On May 21, the Court ordered that Plaintiff's counsel be substituted in and on May 22, the Court granted Plaintiff's former counsel's motion to withdraw. The Court also instructed Plaintiff's new counsel and counsel for Defendant to appear at the case management conference scheduled for June 7, 2007. On June 6, 2007, the parties filed separate case management statements, indicating their inability to meet and confer.

Following the case management conference, the Court entered a case management order, setting various dates, including an October 10, 2007 alternative dispute resolution deadline and a December 21, 2007 fact discovery cut-off.

On August 17, 2007, Defendant's counsel sent a letter to Plaintiff's counsel including Defendant's first set of requests for

2

production of documents and interrogatories, a notice to depose Plaintiff on September 24 and 25, 2007, and proposing an initial disclosure date of August 31, 2007. Turman Decl., Ex. A. Defendant offered to meet and confer regarding other possible dates for Plaintiff's deposition. Id. Plaintiff's counsel never responded to the letter. Turman Decl. ¶ 2. Defendant produced initial disclosures on August 31 and supplemental disclosures on September 24. Id.

On September 12, 2007, Plaintiff's counsel filed a notice of unavailability, stating,

> NOTICE IS HEREBY GIVEN that F. Anthony Edwards, attorney of record for Plaintiff will be out of town and unavailable for the time period of September 12, 2007 through September 24, 2007. During said time period, there is no one responsible for attending court hearings, drafting pleadings, responses to motions, responses to discovery requests, attending depositions, or providing any legal service in the above-referenced action. Please be advised that purposely scheduling a conflicting proceeding without good cause is sanctionable conduct. <u>Tenderloin Housing Clinic v. Sparks</u> (1992) 8 Cal. App. 4th 229.

Docket No. 22.

On September 21, 2007 Defendant's counsel again wrote to Plaintiff's counsel, enclosing an amended notice to take Plaintiff's deposition for October 8 and 9, 2007. Turman Decl., Ex. B. In addition, Defendant requested that Plaintiff provide his initial disclosures by September 25, 2007 and respond to discovery requests by September 28, 2007. Id. Defendant also enclosed a stipulation requesting a forty-five day extension of the alternative dispute resolution deadline, noting that it had not received any disclosures or been able to depose Plaintiff. Id.

3

Defendant's counsel received a telephone message from Plaintiff's counsel on September 27, stating that the case needed "further development." Turman Decl., Ex. C. Defendant's counsel was unable to reach Plaintiff's counsel by phone, so sent him an email reminding him of the need to meet and confer, the outstanding discovery requests, the re-noticed deposition and the proposed stipulation to extend time for mediation. Id. Plaintiff's counsel responded, "I returned from vacation on the 24th, and came to work today. We will talk tomorrow." Id. Plaintiff's counsel did not call on the September 28. Turman Decl. ¶ 7.

On October 1, counsel met and conferred. Id. Following the meet and confer Defendant's counsel sent a summary email confirming the agreed-upon schedule. Turman Decl., Ex. D. Plaintiff agreed to provide his initial disclosures by October 3, 2007, to respond to outstanding discovery requests by October 10 and to attend a deposition on November 1 and 2. Id. Plaintiff's counsel signed the stipulation seeking an extension of the alternative dispute resolution deadline and the stipulation was filed that day.

Plaintiff never served his initial disclosures or discovery responses. On October 30, Defendant re-noticed Plaintiff's deposition to December 5 and 6 and requested the discovery and initial disclosures by November 2. Turman Decl., Ex. E. Plaintiff did not appear for his deposition and still has not served his initial disclosures or discovery responses. Turman Decl. ¶ 9.

On December 19, 2007, Defendant filed this motion, seeking terminating sanctions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or in the alternative pursuant to

4

Rule 37(b) for failure to participate in discovery. Plaintiff opposes the motion and submits a declaration stating that his mother died on September 10, 2007 in Guyana, he was in Guyana from September 12 through 17 and, because of his loss and mourning, he has been unable to assist his attorney in responding to pending discovery.[1]  Williams Decl. ¶¶ 2-4.

## DISCUSSION

Rule 41(b) provides,

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Similarly, Rule 37(b)(2) provides

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

The Ninth Circuit has held that, in deciding whether to dismiss a claim for failure to prosecute or for failure to comply with an order, the Court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

---

[1] Defendant requests that the Court strike this declaration because it is captioned as a declaration by Plaintiff, signed by Plaintiff and appears to contain information about Plaintiff but begins "I, F. Anthony Edwards Declare." Edwards is Plaintiff's counsel. As discussed below, Plaintiff's declaration does not provide enough to rebut the grounds for sanctions established in Defendant's motion. Therefore, Defendant's request is denied as moot.

5

> public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988)); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet. 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

I. Interest in Expeditious Resolution of Litigation and Court's Interest in Docket Control

Here, the first two factors, the public interest in expeditious resolution of litigation and the Court's interest in docket control, clearly weigh in favor of dismissal. The Ninth Circuit has stated that "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (1999). Further, with respect to the failure to comply with the Court's case management order, the Ninth Circuit has held, "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

II. Risk of Prejudice to Defendant

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). Although the

6

pendancy of a lawsuit is not, in and of itself, sufficiently prejudicial to warrant dismissal, id., "[u]nreasonable delay creates a presumption of injury." Alexander v. Pacific Maritime Asso., 434 F.2d 281, 283 (9th Cir. 1970). Absent any participation by Plaintiff in the discovery process, Defendant has had no way to prepare a defense. Further, the parties have not been able to pursue mediation as ordered by the Court.

The Ninth Circuit has held, "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone, 833 F.2d at 131. Plaintiff argues that he has been unable to assist counsel in responding to discovery because of his mother's death on September 10, 2007 and his need to travel to Guyana from September 12 through 17. However, Plaintiff's counsel never informed Defendant's counsel of this delay or requested any extensions based on Plaintiff's loss. Further, Plaintiff's loss does not explain the lack of diligence in making initial disclosures and responding to Defendant's discovery requests prior to, or after, September, 2007. As discussed above, even without knowledge of Plaintiff's loss, Defendant's counsel has made significant efforts to accommodate Plaintiff and his counsel to no avail. More than one year after Plaintiff filed this case, he has not even served his initial disclosures. The Court finds that this factor weighs in favor of dismissal.

III. Availability of Less Drastic Sanction

Regarding this factor, the Ninth Circuit employs a three-part analysis to determine whether a district court properly considered

7

the adequacy of less drastic sanctions:

> (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?

Adriana, 913 F.2d at 1412-3.

The Court has not before discussed the feasibility of less drastic sanctions; nor has it imposed sanctions previously. Further, the Court finds that alternative sanctions exist and dismissal would be an inappropriate sanction at this juncture.

Therefore, the Court orders:

(1) Within one week of the date of this order, Plaintiff shall serve his initial disclosures.

(2) Within two weeks of the date of this order, Plaintiff shall appear for a deposition at Defendant's convenience.

(3) Within one week of the date of this order, the parties shall schedule a mediation session with a private mediator to occur within three weeks of the date of Plaintiff's deposition. The parties shall participate in that session.

(4) Plaintiff shall pay Defendant's costs incurred thus far in attempting to comply with the Court's pretrial order and in making this motion. Within one week of the date of this order Defendant shall file a declaration and supporting documents establishing such costs. Plaintiff shall pay the amount claimed or file an objection within two weeks of the date of this order. If Plaintiff objects, Defendant may file a response. Any dispute over the amount of fees claimed by Defendant will be decided on the papers.

8

If Plaintiff does not comply with these orders, Defendant may
renew its motion for terminating sanctions.
        IT IS SO ORDERED.

Dated: ___1/14/08_____        _____
                                        CLAUDIA WILKEN
                                        United States District Judge